LEE et al. v. CORN et al.

(City Court of New York, General Term.   February 8, 1893.)

**1. ARREST IN CIVIL CASES—FRAUD—SUFFICIENCY OF AFFIDAVIT.**

In his affidavit, M. stated that. while defendant C. was negotiating for the purchase of goods from plaintiffs, C., "among other things," made the false statement as to his firm's credit that it "owed other borrowed money, $———, none," that, relying on said statement, and believing that defendants' firm owed, "all told, for merchandise $27,500, to two banks $25,000," and no other borrowed money, plaintiffs sold them goods; that deponent is informed and believes that, at the time the statements were made by C., defendants' firm was owing for other borrowed money; and the sources of deponent's information, and grounds of his belief, are in the affidavit of one D., who deposed that he heard defendant C. testify that, at the time of the statements to M., defendants' firm was owing at least $10,000 to each of two persons. *Held* that, as the affidavits did not show that such indebtedness was not included in the $27,500, they did not show any fraud, and an order of arrest predicated thereon should be vacated.

**2. ACTION FOR DECEIT—ACTION FOR PRICE PENDING.**

Where an action is pending, or a judgment has been secured, for the price of goods sold and delivered, an action for fraud in contracting the liability cannot be maintained until the action on the contract is discontinued, or the judgment vacated.

Appeal from special term.

Action by William H. Lee and others against Meyer Corn and others. From an order vacating an order of arrest, plaintiffs appeal.   Affirmed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

J. B. Marshall, for appellants.

Paul Wilcox, for respondents.

VAN WYCK, J.   This appeal is by Lee, Tweedy & Co., plaintiffs, from the order vacating an order of arrest granted October 5, 1892, upon the affidavits of James Morris and Louis J. D'Auby, two of their employes, against Meyer Corn, one of the defendant copartners, upon the ground that he, by false and fraudulent representations, induced plaintiffs to sell to his firm goods of the value of $1,024.19.   The defendant Corn moved to vacate upon two grounds:   (1) On the insufficiency of plaintiffs' papers; (2) on affidavits showing that on June 11, 1892, in an action then pending in supreme court, these plaintiffs entered final judgment (still in force) against these defendants for the value of these same goods, and in the very sum of $1,024.19.

Now, as to the first ground of objection, Morris, in his affidavit, avers that defendant Corn,—

"While he was negotiating with deponent for the purchase of the goods from Lee, Tweedy & Co., for Corn, Kaliske & Co., among other things, he made the following false and fraudulent statement as to the credit and financial standing of the firm of Corn, Kaliske & Co.: 'Owed other borrowed money, $———, none.'   That, relying upon paid statement and the truth thereof, and believing that said defendants' firm owed, all told, for merchandise $27,500, to two banks $25,000, and that they owed no other borrowed money, as stated by deponent for the firm of Lee, Tweedy & Co., sold and delivered to defendants, between the 1st day of March and the 1st day of July, 1892, goods, wares, and merchandise of the value of $1,024.19.   That, in truth and in fact, deponent is informed and believes, at the time that this statement was made, defendants' firm were owing for other borrowed money from ten to thirty-five thousand dollars, which indebtedness

was in favor of Heyman Vogel and Henry Vogel; * * * and that the sources of deponent's information, and the grounds of his belief, as to the falsity of the statement made by Meyer Corn, as aforesaid, are contained in the affidavit of Louis J. D'Auby, which said affidavit is hereto attached, and made part of the moving papers herein."

The only express averment in Morris' affidavit of a positive statement made by defendant Corn is that he stated that his firm "owed other borrowed money, $————, none." However, the affidavit says that Corn made this statement "among other things," but does not specify what these "other things" were. It is true that deponent says that he believed "that said defendants' firm owed, all told, for merchandise $27,500, and to two banks $25,000;" but he does not aver that Corn stated that his firm owed, all told, for merchandise $27,500, and to two banks $25,000, and hence he states no facts as the foundation of such belief on his part. But assuming, only for argument, that the averment had been that Corn stated that his firm owed, all told, for merchandise $27,500, and to two banks $25,000, and that they owed no other borrowed money, what positive proof is there that this statement was false? Morris avers that he is informed and believes that this statement was false, and that defendants' firm, at the time this statement was made, were owing for other borrowed money from $10,000 to $35,000, which indebtedness was in favor of Heyman Vogel and Henry Vogel; but he further avers that the sources of his information, and the grounds of his belief, in this regard, are contained in the annexed affidavit of D'Auby, and hence in this later affidavit must be sought and found proof of the falsity of Corn's assumed statement; and D'Auby's affidavit is in full as follows:

"That he was present in the special term of the city court, on 30th day of September, 1892, when Meyer Corn, one of the defendants herein, testified in supplementary proceedings in which Julius Franklin and others were plaintiffs, and Meyer Corn and others were defendants, as follows: ' Question. As near as you can tell, what is the largest sum your firm owed at any one time to Heyman Vogel? Answer. Between $40,000 and $50,000. The smallest sum was $10,000, I suppose. Firm was never out of his debt until confession of judgment was given. Q. As near as you can tell, what was the largest sum owed to Henry Vogel at any one time? A. About $25,000; smallest sum about $10,000. Q. How long was your firm indebted to Henry Vogel in the sum of $10,000 or more? A. Since shortly after the organization of defendants' firm.'"

And in all of the foregoing no proof appears that this indebtedness of Corn's firm to either Heyman or Henry Vogel was for money borrowed by his firm; and, viewing the same in the most favorable light to plaintiffs' contention, as regards the amounts due from Corn's firm to Heyman and Henry Vogel on March 27 and April 6, 1892, the days upon which the statements were made by Corn to plaintiffs' employe Morris, proof can only be seen of an indebtedness by Corn's firm of $10,000 each to Heyman and Henry Vogel; and, for all that appears in proof, these two sums may have been owing for merchandise, and may have been a part of the $27,500 which Morris says he believed was owing by Corn's firm for merchandise. Thus is reached the conclusion that plaintiffs' papers were insufficient to sustain the order of arrest.

As to defendants' second ground of objection against the continuance of the order of arrest, it would seem that it was plaintiffs' duty, as soon

as they obtained knowledge that defendants were guilty of fraud in contracting or incurring the liability, to first discontinue their supreme court action, in which the judgment had been obtained against the defendants for the purchase price of the goods, and then to commence this action upon the complaint, alleging the fraud of defendants in contracting the liability for the purchase price of the goods. If a suit be discontinued at any stage, and the judgment vacated, then the adjudication therein concludes no one, and it is not an estoppel or bar, in any sense. The order appealed from is affirmed, with costs. All concur.

Argued before McGOWN and FITZSIMONS, JJ.